1  **FOX ROTHSCHILD LLP**
   Matthew Follett (SBN 325481)
2  mfollett@foxrothschild.com
   10250 Constellation Blvd., Suite 900
3  Los Angeles, CA 90067
   Telephone:  310-598-41500
4  Facsimile:   310-556-9828

5  Attorneys for Plaintiff,
   WELLS FARGO BANK, N.A.
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11 | WELLS FARGO BANK, N.A., a national banking association, | Case No.: 2:24-cv-00211-HDV(SKx)
12 |  | _____
13 |             Plaintiff, | **WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY; MEMORANDUM OF POINTS AND AUTHORITIES**
14 |     v. |
15 | BC LAW FIRM PA; ADAPTIVE RESOURCES LLC; and DOES 1 through 10, inclusive, |
16 |  |
17 |             Defendants. |
18 |  | Date:    April 24, 2025
19 |  | Time:    10:00 A.M.
20 |  | Place:   Courtroom 5B, 5th Floor
   |  |          First Street U.S. Courthouse
21 |  |
22 |  | [Filed concurrently with Memorandum of Points and Authorities; Declaration of Matthew Follett; Declaration of Gillian Rose; and [Proposed] Order]
23 |  |
24 |  |
25

26

27

28

                            1

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE THAT, on April 24, 2025, at 10:00 A.M., at the United States Courthouse, 350 West 1st Street, Los Angeles, California 90012, in Courtroom 5B, 5th Floor, Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") will, and hereby does, move this Court for (1) a Default Judgment against Defendant Adaptive Resources, LLC, pursuant to Federal Rule of Civil Procedure 55(b)(1) and Local Rules 55-1 and 55-3, (2) an Order instructing Wells Fargo to deposit $159,546.47—the "Restrained Proceeds," less Wells Fargo's attorneys' fees and costs of $28,650.84—in the Court's registry, and (3) an Order dismissing Wells Fargo from this action and enjoining any future claims and discharging any further liability against Wells Fargo on the subject matter of this interpleader action.

This Motion is made pursuant to Federal Rules of Civil Procedure 22 and 67 and 28 U.S.C § 1335 and § 2361 on the grounds that Wells Fargo is a disinterested stakeholder. This Motion is based upon the supporting Memorandum of Points and Authorities, the Declaration of Matthew Follett, the records, orders and pleadings on file with the Court in this action, and such further evidence and argument that may be presented before or at the time of the hearing on the Motion.

This Motion is made following multiple conferences of counsel pursuant to L.R. 7-3 between counsel for Wells Fargo and counsel for BC Law Firm PA (the only appearing defendant).

Dated: March 19, 2025             FOX ROTHSCHILD LLP

                         By:   /s/ Matthew R. Follett
                               Matthew R. Follett
                               Attorneys for Plaintiff,
                               WELLS FARGO BANK, N.A.

2

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Wells Fargo Bank, N.A. ("Wells Fargo") moves under Federal Rules of Civil Procedure 22 and 67, and 28 U.S.C § 1335 and § 2361, for an order that dismisses it from the instant interpleader action (the "Action"), releases it from liability, and awards Wells Fargo its fees and costs (the "Motion"). Well Fargo was forced to file this Action because of a dispute between Defendant BC Law Firm, P.A. ("BC Law") and Defendant Adaptive Resources LLC ("Adaptive") over $253,805.18.

BC Law claims to have mistakenly wired $253,805.18 to Adaptive. By the time it notified Wells Fargo and Wells Fargo could restrain the funds, Adaptive had already withdrawn or transferred some of it. Currently, $188,197.31 remains frozen in Adaptive's account. Wells Fargo has since—at considerable time and expense to itself—tried to locate and communicate with Adaptive about the $188,197.31. Because, however, it was unable to informally resolve the matter, Wells Fargo had to file this action.

An order is now needed that permits Wells Fargo to interplead the funds and discharges it from liability because Wells Fargo is presently exposed to liability no matter how it acts. Wells Fargo is entitled to its reasonable attorney's fees and costs by law and contract. Moreover, it had no choice but to bring the Action, and it had no choice but to incur the costs and fees necessary to litigate it.

## II. BACKGROUND

Wells Fargo is a financial services provider with whom BC Law and Adaptive both, at one time, maintained accounts. BC Law maintains a Wells Fargo Analyzed IOLTA account (Account No.: XXXXXX0027; the "BC Law Account"). Adaptive formerly maintained a Navigate Business Checking account (Account No.: XXXXXX0564; the "Adaptive Account").

BC Law notified Wells Fargo on September 25, 2023, that it had erroneously wired $253,805.18 on September 22, 2023, from the BC Law Account

3

to the Adaptive Account. Wells Fargo thereafter restrained the funds in the Adaptive Account, but by the time it did, Adaptive had already withdrawn and /or transferred some of the funds. $188, 197.31 now remains in the Adaptive Account (the "Restrained Funds").

### *Wells Fargo Files The Action*

Wells Fargo filed the complaint for this Action on January 9, 2024. Dkt. No. 1. On March 27, it filed a waiver of service of summons for BC Law. Dkt. No. 17. On April 8, it moved *ex parte* to extend the deadline for serving Adaptive Dkt. No. 18., which the Court granted on April 12, 2024. Dkt. No. 19. The Court extended the deadline to serve Adaptive until July 8. *Id*. On June 21, Wells Fargo filed a motion to serve Adaptive through alternative service under FRCP 4. Dkt. No. 21. And on August 12, 2024, the Court granted the motion of Wells Fargo to serve Adaptive through alternative service. Dkt. No. 28. BC Law filed its answer to the complaint and a cross-claim against Adaptive on June 27, 2024. Dkt. No. 23. Wells Fargo requested for the Court to mark an entry of default against Adaptive on September 16, 2024. Dkt. No. 33. The Court granted Wells Fargo's request and entered default on against Adaptive under Federal Rule of Civil Procedure 55(a) on September 22, 2024. Dkt. No. 34. BC Law eventually dismissed its cross-claim against Adaptive after learning that Wells Fargo intended to file a motion for interpleader and default judgment. Dkt. No. 36.

Wells Fargo now moves for a default judgment against Adaptive and to interplead the funds vis-à-vis this Motion. Dkt. No. 41.

### *Wells Fargo Moves the Court for Alternative Service Because It Is Unable to Locate and Serve Adaptive Resource*

Wells Fargo spent considerable time and effort trying to serve Adaptive with the Summons and complaint. These efforts include sending service processors to multiple locations in both Florida and California, having searches performed of public records, preparing and mailing *Notice of Lawsuit And Request For Waiver*

4

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

*of Service of Summons* to multiple addresses, and multiple attempts to communicate with its agent for service by email and phone. When its attempts to serve Adaptive failed, Wells Fargo moved the Court for alternative service, which it granted. Dkt. Nos. 21, 28. Wells Fargo then served Adaptive pursuant to the Court's order, and it is currently in default. Dkt Nos. 34.

### III.    AUTHORITY AND ARGUMENT

#### A.    Default Judgment is warranted.

The Federal Rules of Civil Procedure require a defendant answer within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). If a defendant fails to timely answer, default judgment may be entered against that defendant after the default is first lodged per Rule 55(a). *See Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 521 n. 1 (3d Cir. 2006). After an entry of default is made, the moving party may move for default judgment under Fed. R. Civ. P. 55(b). Once default has been entered, the factual allegations in the complaint, except those concerning damages, are taken as true and deemed admitted by the nonresponding party. *See* Fed. R. Civ. P. 8(b)(6); *Garamendi v. He nin*, 683 F.3d 1069, 1080 (9th Cir. 2012).

Here, the prerequisites under Rule 55(b) are met. Adaptive failed to answer within 21 days of service and default has been entered against the company. Dkt. No. 34.

Additional factors a Court may consider on a motion for default judgment are (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Nolan v. Calello*, No. 2:21-CV-00981-AB-RAO, 2021 WL 4621945, at *2 (C.D. Cal. July 8, 2021) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471-2 (9th Cir. 1986)). "In

5

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

The first *Eitel* factor weighs heavily in favor of default judgment. In this context, "prejudice" exists in the absence of any "recourse for recovery" other than default judgment. *Phillis Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Adaptive has not answered, appeared, or moved to set aside the Clerk's default, Wells Fargo is without a remedy against the company if default judgment is denied. *See PepsiCo, Inc.*, 238 F.Supp.2d at 1177. Without default judgment against Adaptive, Wells Fargo will remain exposed to potential conflicting claims to the Restrained Proceeds.

On the second, third, and fourth *Eitel* factors, Wells Fargo simply seeks to interplead the Restrained Proceeds, recover its reasonable fees and costs, and be discharged from any further liability. The facts and law are simple and set forth in sufficient detail in the Interpleader Complaint. Importantly, Wells Fargo does not seek any damages or a monetary judgment.

On the fifth *Eitel* factor, when a plaintiff has "supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Nolan*, 2021 WL 4621945, at *5 (citing *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.")). Here, there is no genuine issue with regard to the well-pleaded Interpleader Complaint, the facts of which are based on verifiable, ordinary-course bank records.

The sixth *Eitel* factor, "favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the

lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer.").

Here, Adaptive's failure to answer or appear cannot be attributed to excusable neglect because Adaptive was duly served process and still has taken no action to defend itself or stake a claim to the Restrained Proceeds. Moreover, Adaptive Resources has ***actual notice*** of the lawsuit against it. Follet Decl. ¶ 11.

Finally, on the seventh *Eitel* factor, Adaptive's failure to answer or appear renders decision on the merits impossible because Defendants cannot settle their competing claims to the disputed proceeds if both Defendants do not appear.  Thus, Adaptive's default prevents Wells Fargo, a disinterested party, from being released from liability absent default judgment against Adaptive and subjects Wells Fargo to possible future claims or litigation

In sum, to avoid further delay, the Court should enter final judgment by default against Adaptive.  Moreover, no hearing will be necessary because the Court need not conduct an accounting, determine damages, establish the truth of any allegation by evidence, or investigate any other matter.  Fed. R. Civ. P. 55(b)(2)(A)-(D).  The only factual matter to be determined is the reasonableness of Wells Fargo's fees and costs incurred to bring this action, which can be determined on the attorney declaration and billing records submitted with this Motion.

### B. Interpleader is appropriate and Wells Fargo should be dismissed from this action and discharged from liability.

The "primary purpose" of an interpleader action is to protect disinterested stakeholders—such as Wells Fargo in this action—from multiple liability and the expense of several lawsuits. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).  Thus, a disinterested stakeholder can bring a lawsuit against all parties asserting adverse or conflicting claims to the same funds and require those

7

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

parties to litigate who is entitled to the funds. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). Interpleader relief is not dependent on the merits of the competing claims, as the stakeholder is not obliged to determine at its peril which claimant has the better claim. *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012).

There are two steps to an interpleader action: first, determine whether the requirements of interpleader are met; second, adjudicate the adverse claims of the defendant claimants. *Hartford Life Ins. Co. v. Banks*, No. 08CV1279 WQH WVG, 2011 WL 3609396, at *5 (S.D. Cal. Aug. 15, 2011). Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be dismissed, and courts may issue injunctions to protect stakeholders from duplicative litigation from the adverse parties. 28 U.S.C. § 2361. Specifically, Section 2361 authorizes district courts to enter an order restraining all claimants from instituting a proceeding in any state or federal court affecting the property involved in an interpleader initiated pursuant to 28 U.S.C. § 1335. *See State Farm & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967); *New York Life Ins. Co. v. Koscove*, No. CV-07-1606-PHX-DGC, 2007 WL 2750665, at *2 (D. Ariz. Sept. 19, 2007).

Interpleader is appropriate in this case on both a statutory and rule basis. First, pursuant to 28 U.S.C. § 1335, this Court has original subject matter jurisdiction over this interpleader action because the amount at stake exceeds $500.00 and the adverse claimants—Adaptive on one hand and BC Law on the other—are of diverse citizenship. *See* Dkt. No. 1 ¶¶ 2-4. Second, under Federal Rule of Civil Procedure 22, "persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to multiple liability." Fed. R. Civ. P. 22; *see also Bayona*, 223 F.3d at 1034 (9th Cir. 2000).

Here, Wells Fargo faced potential liability from multiple parties due to its inability to determine the lawful recipient of the Restrained Funds. Prior to the

8

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

filing of this lawsuit, Wells Fargo received competing claims to the Restrained Proceeds from Interpleader Defendants, which it attempted in good faith to resolve without litigation. Such facts present the "classic" interpleader situation where a neutral stakeholder is faced with rival claims to a fund in its possession and the fund is the actual target of the claimants. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 n. 16 (1967). In such circumstances, the neutral stakeholder, Wells Fargo, "is entitled to be discharged from liability." *First Interstate Bank of Oregon, N.A. v. U.S. By & Through I.R.S.*, 891 F. Supp. 543, 547 (D. Or. 1995) (citing *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 96 (2d Cir.1983) (disinterested stakeholder may be ordered discharged unless there exists serious charges that interpleader action was commenced in bad faith).

Accordingly, as Wells Fargo claims no interest in the Restrained Proceeds except for its attorneys' fees and costs in being compelled to bring this action, Wells Fargo respectfully submits that its Motion for interpleader relief should be granted as follows: (i) Wells Fargo should be ordered to deposit $159,546.47—the "Restrained Proceeds," less Wells Fargo's reasonable attorney's fees of $28,650.84 and costs—in the Court's registry, (ii) Wells Fargo should be dismissed from this lawsuit, and (iii) Wells Fargo should be absolved of any further liability.

**C.     Wells Fargo should recover its attorneys' fees and costs.**

In an interpleader action, costs and attorney's fees are generally awarded to the interpleader plaintiff as a mere disinterested stakeholder. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986)). The rationale is that the interpleader has benefited the claimants by initiating early litigation to determine the ownership of the funds and prevent dissipation. *See Schirmer Stevedoring Co. Ltd v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962).

***Wells Fargo is also contractually entitled to its attorneys' fees.***

The Account and the Restrained Proceeds are governed by the Wells Fargo

9

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

Deposit Account Agreement, which is attached to the Interpleader Complaint. *See* Dk No. 1, Ex. A. The Account Agreement provides for the recovery of Wells Fargo's attorneys' fees and costs in an action involving an "adverse claim". *See id.* at p. 30 ("An adverse claim occurs when any person or entity makes a claim against your account or funds in your account . . . . In these situations, we may . . . pay the funds into an appropriate court and/or petition the court to resolve the dispute. We also may charge any account you maintain with us for our fees and expenses in taking these actions (including attorney's fees and expenses, and court costs).").

In the present matter, Wells Fargo is an innocent, good faith interpleader plaintiff with no interest whatsoever in the disposition of the Restrained Proceeds other than that such proceeds be paid to the proper and lawful recipient. Wells Fargo has been forced to incur attorneys' fees, in the amount of $27,361.52, and costs, in the amount of $1289.32, in the preparation, commencement, service, and prosecution of this interpleader action. Follett Decl. ¶ 31, Exh. A-B. Wells Fargo estimates it will incur an additional $1,190 in attorneys' fees before its file on this matter is closed. *Id.* at ¶ 30. These fees are incurred at a significantly reduced hourly rate, a cost savings passed on to Defendants. *Id.* at ¶ 8.

Wells Fargo's only objective in commencing this action was to deposit the Restrained Proceeds with the Court and be absolved of any further liability. Wells Fargo would not have had to incur *any* legal expenses but for Defendants' actions. As such, the tasks performed all were all necessary and/or reasonably related to advancing this interpleader action to return the Restrained Proceeds to their rightful owner and to limit Wells Fargo's liability as an innocent interpleader plaintiff.

**D.     The Attorneys' Fees are reasonable.**

Under federal and California law, "[t]he customary method of determining [[attorney's] fees... is known as the lodestar method." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996); *see also Jordan v. Multnomah County*,

10

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

815 F.2d 1258, 1262 ("The lodestar determination has emerged as the predominate element of the analysis" in determining an attorney's fee award.); *see also PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363, (citing *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)); *see also PLCM Group, Inc.*, 22 Cal. 4th at 1095. There is a strong presumption that the lodestar figure represents a reasonable attorney's fee award. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 106 S. Ct. 3088, 3098 (1986); *see also Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) ("Only in rare instances should the lodestar figure be adjusted on the basis of other considerations."); *see also PLCM Group, Inc.*, 22 Cal. 4th at 1095 (stating that the purpose of the touchstone or lodestar amount is to award attorney's fees that constitute fair market value).

Here, as further set forth in the supporting Declaration of Counsel, the fees and costs that Wells Fargo seeks were both necessary for this Action and reasonable. Follett Decl. ¶¶ 24-30.

## IV.  CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests the Court enter an order (1) entering default judgment against Adaptive, (2) directing and allowing Wells Fargo to deposit the Restrained Proceeds with in the Court registry, (3) award Wells Fargo its reasonable fees and costs in the amount of $28,650.84, (4) dismiss Wells Fargo from this action with prejudice, and (5) enjoin Defendants from pursuing any related claim against Wells Fargo in the future and otherwise discharge Wells Fargo from any further liability on these matters.

Dated: March 19, 2025              FOX ROTHSCHILD LLP

By: */s/ Matthew R. Follett*
Matthew R. Follett
Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.

11

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Wells Fargo Bank, N.A. certifies that the Memorandum of Points and Authorities in this brief contains 2,987 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 19, 2025

FOX ROTHSCHILD LLP

By: */s/ Matthew R. Follett*
Matthew R. Follett
Attorneys for Plaintiff,
WELLS FARGO BANK, N.A.

WELLS FARGO'S NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT, INTERPLEADER, AND DISMISSAL OF WELLS FARGO BANK, N.A., AS A PARTY

162984194.2